IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK BENARD MOSLEY, #233819, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-532-WHA |
| | ) | [WO] |
| | ) | |
| KENNETH SCONYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Fredrick Benard Mosley ["Mosley"], a state inmate currently incarcerated at the Easterling Correctional Facility. The complaint is somewhat rambling but, as best the court can discern, Mosley contends that Capt. Strickland subjected him to excessive force on July 10, 2013, in an effort to obtain his fingerprints. Mosley maintains that officers Liptrot and Wilson assisted Strickland in taking his fingerprints and did so in violation of his constitutional rights. He also asserts that officers Lawson, Woods and Brooks improperly used force in an effort to assist in retrieving his fingerprints. Mosley further complains that Kenneth Sconyers, a warden at Eastlering, taunted him with a veiled threat and failed to protect him from the assault undertaken by officers in obtaining his fingerprints. Mosley also alleges that the assault resulted from a conspiracy among the aforementioned defendants, several other correctional officers at Easterling and Gwendolyn Mosley, an associate commissioner for the

Alabama Department of Corrections. Mosley also names Shawn Logan, an employee of the Houston County Sheriff's Department, and correctional officer Dennis as defendants. However, Mosley makes no claims against either of these individuals and merely asserts that Strickland "took my fingerprints for Houston County . . . ." *Compl. - Doc. No. 1* at 3. Finally, Mosley asserts that Nurse Bowen failed to provide him adequate medical treatment for injuries allegedly suffered in the July 10, 2013 altercation. Mosley seeks criminal prosecution of the defendants and monetary damages for the alleged violations of his constitutional rights. *Id*. at 4.

Upon review of the complaint and in accordance with applicable federal law, the court concludes that the request for criminal prosecution of the defendants and the conspiracy and taunting claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Request for State Prosecution

Mosley demands prosecution of the defendants for the actions made the basis of the instant complaint. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Consequently, to the extent Mosley seeks

---

[1] The court entered an order granting Mosley leave to proceed *in forma pauperis* in this cause of action. *Order of July 30, 2013 - Doc. No. 4*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which permits summary dismissal of claims presented in a prisoner's civil action if it is determined that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

prosecution of the defendants under state criminal law, he has no constitutionally protected interest in such prosecution and this request for relief is therefore due to be dismissed in compliance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Potential Claims Under 18 U.S.C. § 241 and § 242

To the extent Mosley seeks relief for alleged criminal actions purportedly committed in violation of his constitutional rights as prohibited by 18 U.S.C. § 241 and § 242, his request for relief is likewise subject to summary dismissal. "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States. There is no private right of action under this criminal statute. *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D. N.Y. 1985) . . . . Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2d Cir. 1992); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985)." *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C 2003) (plaintiff foreclosed "from asserting claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action . . . . Therefore, the Court must dismiss the plaintiff's claims that have been brought pursuant to 18 U.S.C. §§ 242 and 371.").

In light of the foregoing, it is clear that Mosley is precluded from obtaining relief under 18 U.S.C. § 241 and § 242 "because, as criminal statutes, they do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Gipson*, 18 F. Supp. 2d at 668; *Rockefeller*, 248 F. Supp. 2d at 23.  Thus, Mosley's claims arising under these criminal statutes are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  The Civil Conspiracy Claim

Mosley makes the specious and unsupported allegation that the adverse actions about which he complains are the result of a conspiracy among the defendants to deprive him of his constitutional rights. "Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks*, 449 U.S. at 27, 101 S.Ct. at 186 (1980); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir. 1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir. 1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).  To proceed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991) . . . . [T]he linchpin for conspiracy is agreement . . . ." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).  In order for a plaintiff "to establish the

'understanding' or 'willful participation' required to show a conspiracy, . . . [he] must [produce] some evidence of agreement between the defendants . . . ." *Rowe*, 279 F.3d at 1283-84.  Merely "stringing together" acts of individuals is insufficient to demonstrate the existence of a conspiracy.  *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

Other than his suppositious and conclusory allegation of a conspiracy, Mosley presents nothing to establish an actual conspiracy nor can this court countenance the existence of any evidence which would indicate that the defendants entered into a conspiracy to deprive Mosley of his constitutional rights.  Accordingly, the court concludes that Mosley's bare allegation of a conspiracy is insufficient to support a claim for relief in this 42 U.S.C. § 1983 action and, as such, warrants dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-57.

### D.  The Taunting Claim

Mosley contends that Warden Sconyers taunted him by saying commissioners for the department of corrections "gave him the green lights to kill me."  *Compl. - Doc. No. 1* at 3. This claim entitles Mosley to no relief.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *Am. Mfrs. Mut. Ins.,* 526 U.S.40, 50, 119 S.Ct. 977, 985 (1999); *Willis v. Univ. Health Servs.*, 993 F.2d 837, 840 (11th Cir. 1993).  Inappropriate, derogatory, demeaning, profane, threatening or abusive comments made by a correctional official to an inmate, no

matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by officers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *see also Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (finding district court's summary dismissal of inmate complaint for failure to state a claim appropriate because officer's insults, taunts and/or racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere verbal taunt demonstrates a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, even a threat of harm, not actionable under § 1983).

In light of the foregoing, the court concludes that the taunting claim is frivolous and subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's request for criminal prosecution of the defendants under either federal or state law be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The plaintiff's claim regarding an alleged civil conspiracy be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

3.  The claim that defendant Sconyers taunted him be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

4.  Commissioner Mosley, Shawn Logan and Officer Dennis be dismissed as defendants in this cause of action; and

5.  This case, with respect to the plaintiff's excessive force and improper fingerprinting claims against Capt. Strickland, Officer Liptrot, Officer Rodney Wilson, Capt. Nathaniel Lawson, Lt. Woods, and Officer K. Brooks, his failure to protect claim against Warden Kenneth Sconyers, and the denial of medical treatment claim against Nurse Bowen, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before August 30, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of August, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE